A. Eric Bjorgum (State Bar No. 198392)
Marc A. Karish (State Bar No. 205440)
KARISH & BJORGUM, PC
510 West 6th St., Suite 308
Los Angeles, CA  90014
Telephone: (213) 785-8070
Facsimile:  (213) 995-5010
E-Mail:  eric.bjorgum@kb-ip.com

Attorneys for Plaintiff
ALAN NIVEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN NIVEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD BREWSTER; JOHN BREWSTER; NAYCODA PTY LTD.; FLASHPOINT MUSIC PTY LTD; DOES 1 – 10.<br><br>　　　　　Defendants. | Case No.  CV 10-04376-GAF (PJWx)<br><br>**RESPONSE TO ORDER TO SHOW CAUSE DATED ON MAY 31, 2011**<br><br>Date:  June 20, 2011<br>Time:  N/A<br>Judge:  Hon. Gary A. Feess |

RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, PLAINTIFF ALAN NIVEN ("Niven" or "Plaintiff") with this response to the Court's Order dated May 31, 2011 (D.N. 27) as follows:

## I.  The Proofs Of Service

Plaintiff has served Richard Brewster, John Brewster and Flashpoint Music Pty Ltd.  In accordance with the Federal Rules of Civil Procedure regarding international service, Plaintiff first sent full sets of the initial documents via mail with return receipts requested.  Plaintiff received no response, so Plaintiff asked for the assistance of the Clerk of Court because the Clerk can serve documents to a post office box, and Plaintiff had post office box numbers as well as physical addresses.  The Clerk received no response.

Finally, in order to effectuate personal service, Plaintiff engaged a process server in Australia to attend a Brewster Brothers show.  The Brewster Brothers is an acoustic duo comprised of Defendants Rick and John Brewster.  On May 5, 2011, before the show, the process server identified Rick Brewster and handed him two copies of the Second Amended Complaint and related documents. On May 17, 2011, the same agency served Flashpoint Music Pty Ltd.  All three proofs of service have been filed with the Court.  (See Dkt. Nos. 26, 28.)

## II.  Defaults

Plaintiffs have not taken the defaults of any of the Australian parties because they are entitled to 90 days to answer the SAC, per Fed.R.Civ.P. 4(d)(3).  Plaintiff will gladly take the defaults when the 90 days has expired.

This entire situation has been a game by the Australian defendants.  They are very well known musicians, and this case has received publicity.  They knew the documents were coming, so they would not sign for them. When Apple, Inc. continued to sell Plaintiff's songs after receiving notice of the infringement, Plaintiff brought Apple into the case, in part in the expectation that Apple could facilitate some dialog between the parties, given that iTunes has an extensive

1  library of songs written by the Brewsters (in their prior band, The Angels), as well
2  as by Plaintiff (mainly for Great White).
3      Thus, Plaintiff has been awaiting a Rule 26 meeting to begin to take
4  discovery.  With just some basic information, Plaintiff will be in a position to
5  move for summary judgment and bring this case to swift resolution.
6      In furtherance of these goals, Plaintiff would ask that the Court authorize
7  Plaintiff to serve five interrogatories, five requests for production and ten requests
8  for admission on Apple, Inc.

Dated:  June 20, 2011                KARISH & BJORGUM, PC


By:  ____/s/_____
A. Eric Bjorgum
Attorneys for Plaintiff
ALAN NIVEN

RESPONSE TO ORDER TO SHOW CAUSE

2