LAURENCE F. PULGRAM (CSB NO. 115163)
lpulgram@fenwick.com
CLIFFORD C. WEBB (CSB NO. 260885)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALAN NIVEN,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BREWSTER; JOHN BREWSTER; NAYCODA PTY LTD.; FLASHPOINT MUSIC PTY LTD; APPLE, INC.; and DOES 1-10.,<br><br>Defendants. | Case No. CV 10-04376 GAF (PJWx)<br><br>**OPPOSITION TO REQUEST FOR EXPEDITED DISCOVERY** |

APPLE'S OPPOSITION TO REQUEST FOR EXPEDITED DISCOVERY

CASE NO. CV 10-04376 (PJWx)

In response to this Court's Order to Show Cause why this case should not be dismissed as to certain defendants for want of prosecution (Dkt. No. 27), Plaintiff Alan Niven ("Plaintiff" or "Niven") out of the blue has requested expedited discovery against Defendant Apple Inc. ("Defendant" or "Apple"). Dkt. No. 30 at 3. Plaintiff's request is without merit and should be denied.

As a preliminary matter, Plaintiff's request is in direct contravention of several of this Court's local rules specifying the necessary procedures to be followed prior to the filing of any discovery motion, and should be denied on this basis alone. However, even had Plaintiff proceeded along the proper path, its request would still have to be denied. Expedited discovery prior to a Rule 26(f) discovery conference and plan is only allowed where a party shows good cause that early discovery is necessary. Here, Plaintiff has offered no legitimate reason why early discovery should be allowed against Apple, failing its burden. Moreover, Apple is as merely a passive distributor of allegedly infringing content, by virtue of the other defendants' offering that content for sale on the iTunes store. As such, any discovery against Apple would be premature unless and until Plaintiff actually established the underlying issue of infringement through litigation with the Brewster defendants. Looking to Apple first is putting the cart before the horse.

## I. PLAINTIFF'S REQUEST FOR EXPEDITED DISCOVERY IS PROCEDUREALLY IMPROPER AND SHOULD BE DENIED

Plaintiff's request for expedited discovery against Apple is procedurally improper and for that reason alone should be denied. Civil Local Rules 37-1 through 37-4 set out a series of procedures that a party must follow prior to filing any motion under Federal Rules of Civil Procedure 26-37, such as the request for expedited discovery at issue here. These procedures are designed to ensure that such motions are brought only where there is no possible compromise that can be reached.

The first and most basic of these procedures is that the moving party must

1  contact opposing counsel and arrange for a conference to address the issue to be
2  raised by the motion. Civil L.R. 37-1. Beyond failing to arrange for this required
3  conference, which Plaintiff did not do, Plaintiff failed to even take the most basic
4  step of informing counsel for Apple that Plaintiff wanted to serve any discovery on
5  Apple at all, let alone expedited discovery. *See* Declaration of Clifford Webb in
6  Support of Defendant Apple Inc.'s Opposition to Plaintiff's Request for Expedited
7  Discovery ("Webb Decl.") ¶ 2. The first time Apple heard of any desire for
8  discovery was Plaintiff's dropping the present request into its response to the
9  Court's Order to Show Cause as to potential dismissal of the other, lead
10 Defendants. *Id*. Similarly, and as a result of this first failing, Plaintiff also failed to
11 engage in the required procedures for filing a joint stipulation under Local Rule 37-
12 2 which is a further prerequisite to any discovery motion.

13    Plaintiff's failure to abide by these procedures is sufficient reason for this
14 Court to deny the request. *See* Civil L.R. 37-2.4 (providing that "[t]he Court will
15 not consider any discovery motion" that does not comply with the procedures
16 specified by the local rules). Moreover, Local Rule 37-4 further provides that
17 "[t]he failure of any counsel to comply with or cooperate in the foregoing
18 procedures may result in the imposition of sanctions." Civil L.R. 37-4.[1]
19 Accordingly, the Court should deny Plaintiff's request.

## II. PLAINTIFF HAS NOT AND CANNOT MEET ITS BURDEN TO JUSTIFY EXPEDITED DISCOVERY

22    Even had Plaintiff engaged in the process mandated by the Local Rules and
23 properly filed a noticed motion thereafter, its request for expedited discovery would
24 still be entirely baseless.

---

[1] Independently of all of this, Civil Local Rule 7-4 provides that the failure of a plaintiff to properly file and serve a noticed motion is grounds to deny any request. Given that Plaintiff merely made a request to the Court for expedited discovery in its response to the Order to Show Cause, and not as a separate noticed motion, this too warrants its denial of the request.

1    Rule 26(d) of the Federal Rules of Civil Procedure generally provides that
2    discovery will not commence until the parties have conferred as required by Rule
3    26(f). Fed. R. Civ. P. 26(d)(1). Courts may only permit expedited discovery prior
4    to this time when the party seeking that discovery comes forward with good cause
5    why the early discovery should be granted. *See, e.g., American LegalNet, Inc. v.*
6    *Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Good cause only exists where
7    the party seeking discovery is able to establish that its need for the early discovery
8    outweighs the prejudice to the responding party caused by that early discovery. *Id*.
9    Typical cases where such need potentially outweighs the significant prejudice to
10   parties subject to early discovery involve circumstances absent here—*e.g.*, where
11   there is a real risk of destruction of physical evidence or where a party is seeking a
12   preliminary injunction. *See id*. (discussing context of preliminary injunction
13   motions); *Wangson Biotechnology Group, Inc. v. Tan Tan Trading Co., Inc.*, 2008
14   U.S. Dist. LEXIS 79691, at *19 (N.D. Cal. Sep. 11, 2008) (noting that courts will
15   grant expedited discovery where there is evidence of custodian's practice of
16   destroying records or where records will be destroyed in the ordinary course). But
17   even in those cases, expedited discovery is far from automatic. *See, e.g., Americal*
18   *LegalNet*, 673 F. Supp. 2d at 1066 (noting that "expedited discovery is not
19   automatically granted merely because a party seeks a preliminary injunction" and
20   denying the plaintiff's request).
21   Here, Plaintiff has made absolutely no showing of any pressing need to get
22   early discovery from Apple. There is no risk of destruction of evidence, no
23   preliminary injunction sought, and no other urgent need for discovery. In fact,
24   Plaintiff's case was filed over a year ago, with Apple only being brought in as a
25   party seven months later in the face of a previous Order to Show Cause why the
26   case should not be dismissed for lack of prosecution. The only explanation for its
27   request provided is that Plaintiff wants to be in a position to make an early motion
28   for summary judgment—a position many parties would like to have, but which is

1  not the sort of pressing need warranting premature discovery.  Dkt. No. 30 at 3.

2  Further, it is difficult to understand how discovery from Apple could procure
3  summary judgment prior to resolution of the underlying infringement issue with the
4  Brewster defendants.  The core of Plaintiff's claims are that a band, The Brewster
5  Brothers, infringed Plaintiff's copyrights in certain lyrical compositions by using
6  those works outside the scope of the license granted by Plaintiff.  *See generally*
7  Dkt. No. 12 ("Second Amended Complaint" or "SAC").  The sole allegations
8  against Apple are that it distributed these Brewster Brothers works via its iTunes
9  store.  There is no reason to suspect that Apple has any materials that bear in any
10 way on this preliminary question of infringement, much less that would establish
11 whether the Brewsters exceeded their license.  Unless and until Plaintiff actually
12 litigates the issue of infringement with the Brewster defendants, who have yet to
13 appear in this case, and there is a finding of infringement, any discovery about
14 Apple's distribution of songs would be premature.  Accordingly, even were
15 Plaintiff's request procedurally proper, it should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Apple Inc. respectfully requests that Plaintiff Alan Niven's offhand request for expedited discovery be denied.

Dated:  June 23, 2011          FENWICK & WEST LLP

By: */s/ Laurence F. Pulgram*
    Laurence F. Pulgram
    Attorneys for Defendant
    APPLE INC.